Applications by the mayor, etc., of the city of New York in respect to lands between Thirty-Fourth and Thirty-Fifth streets, and between Thirty-Fifth and Thirty-Sixth streets, respectively.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

No opinion.　Order affirmed.

---

PEOPLE *ex rel.* LE BOUTILLIER, Appellant, *v.* GILROY, Commissioner, Respondent.

(*Supreme Court, General Term, First Department.*　April 14, 1892.)

Action by the people on the relation of George Le Boutillier against Thomas F. Gilroy.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*John Delahunty,* for appellant.　*Geo. L. Sterling,* for respondent.

No opinion.　Order modified as to movables within street lines, and affirmed as to stoop and area.

---

SCHWERIN, Appellant, *v.* NEW YORK EL. RY. Co. *et al.*, Respondents.

(*Supreme Court, General Term, First Department.*　April 14, 1892.)

Action by Bernard Schwerin against the New York Elevated Railway Company and others.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

No opinion.　Order reversed, with $10 costs and disbursements.

---

PEOPLE, Respondent, *v.* NEW YORK, N. H. & H. R. Co., Appellant.

(*Supreme Court, General Term, First Department.*　May 13, 1892.)

Appeal from circuit court, New York county.

Action by the people of the state of New York against the New York, New Haven & Hartford Railroad Company to recover the penalty for the violation by defendant of the statutes regulating the heating of passenger cars of steam railroads.　Judgment for plaintiff.　Defendant appeals.　Affirmed.

For former reports, see 5 N. Y. Supp. 945; 8 N. Y. Supp. 672; and 25 N. E. Rep. 953, *mem.*

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*Page & Taft,* (*J. M. Bowers,* of counsel,) for appellant.　*S. W. Rosendale,* Atty. Gen., for the People.

PER CURIAM.　·It seems to us that all the questions which are now raised were properly before the court upon the demurrer heretofore interposed, and which has been overruled by the court of appeals; and therefore the judgment should be affirmed, with costs.